UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LEON PICKETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-248 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

Petitioner Leon Pickett ("Petitioner") is serving a 180-month federal sentence for a crack cocaine conviction and firearm conviction. This sentence was imposed by this Court on December 19, 2003.

Petition now seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner filed a motion seeking this relief as well as a memorandum in support of his Petition (Court File No. 2). After viewing the motion the Court ordered the United States to file a response to Petitioner's motion (Court File No. 3), which the Government did (Court File No. 5, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-118, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the following reasons.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The record of Petitioner's criminal case provide the underlying facts. On August 27, 2002, he was charged with one count of possession with the intent to distribute in excess of five grams of crack cocaine ("Count One"), one count of possession with the intent to distribute marijuana ("Count Two"), one count of possessing a short-barreled firearm in furtherance of a drug trafficking crime ("Count Three" or "the § 924(c) charge"), and one count of possessing an unregistered firearm ("Count Four") (Crim. Court File No. 2). Petitioner was arrested on September 2, 2002 and was detained pending trial (Crim. Court File No. 7).

On October 15, 2002, Petitioner filed a motion to suppress the evidence seized as a result of a traffic stop on March 21, 2002 (Crim. Court File Nos. 13, 16). On January 3, 2003, United States Magistrate Judge William B. Mitchell Carter held a suppression hearing and thereafter filed a report and recommendation ("R&R") recommending denial of the motion to suppress (Crim. Court File Nos. 23, 25). Petitioner filed objections to the R&R, the Court considered these objections, and denied the motion to suppress (Crim. Court File Nos. 36, 37).

On June 5, 2003, pursuant to a plea agreement with the United States, Petitioner entered a guilty plea to possession of more than five grams of crack cocaine (Count One) and possession of the short-barreled shotgun in furtherance of the drug offense (Count Three) (Crim. Court File Nos. 40, 41). The factual basis supporting Petitioner's guilty plea was set out in the plea agreement as follows:

2

> On March 21, 2002, Chattanooga Police Officer Jon Watkins attempted to stop the defendant when he saw him driving on a revoked license. When the defendant saw the blue lights, he tried to elude Watkins. A high speed chase ensued which ended at Pickett's residence, where the defendant ran around behind the house. Watkins went around back and saw an open window with the curtains pushed inside, as if someone had gone through the window. Watkins called dispatch for backup and learned that Pickett had an outstanding warrant and city capias. Officers entered the house to locate Pickett and observed approximately ½ lb. of marijuana packaged in plastic baggies and a large amount of cash in a box. When officers gave verbal commands to Pickett, he refused to obey, but officers saw him crawl out from underneath the house and arrested him.
>
> Officers then crawled into the area vacated by Pickett and saw several chairs, three injured pit bulls, and blood on the floor of the underground area beneath the house. Watkins also saw a loaded sawed-off shotgun just inside the entranceway.
>
> Officers then left the residence and went to obtain a search warrant. Found during execution of the search warrant were the following items: seven pit bull dogs with various injuries, dog antibiotics, 146.2 grams of marijuana, 13.2 grams of cocaine base, loaded Savage Arms Stevens Model 67 twelve-gauge sawed-off shotgun with a barrel length of approximately fourteen inches, $486 cash, forty-two rounds of nine-millimeter ammunition, plastic baggies. In a statement given at a later date to Agent Paris Gillette, defendant admitted to selling crack cocaine and stated that he had the shotgun for protection.

(Crim. Court File No. 41, ¶ 8).

The Court held a sentencing hearing in the case on December 19, 2003. At the conclusion of the hearing, the Court sentenced Petitioner to the statutory mandatory minimum sentence of 120 months imprisonment for possession with intent to distribute in excess of five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 60 months imprisonment for possession of a short-barreled shotgun in furtherance of the drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(B)(i), such terms to run consecutively (Crim. Court File No. 46).

Petitioner did not directly appeal his conviction or sentence. On August 2, 2004, Petitioner timely filed the present motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. Petitioner now raises two claims of ineffective assistance of counsel (Court File Nos. 1, 2).

3

For the following reasons, these claims provide no basis to grant his Petition.

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Petitioner's two claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly

deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*. at 697, 104 S. Ct. at 2069.

## III.    DISCUSSION

Both of Petitioner's grounds allege ineffective assistance of counsel. He argued he was denied effective assistance of counsel when his attorney: (1) failed to argue "the evidence was insufficient to establish a factual basis for [Petitioner's] plea of guilty" to his § 924(c) conviction[2];

---

[2]Petitioner does not contest his sentence or conviction on Count One.

and (2) did not effectively represent Petitioner in connection with the motion to suppress and his decision to plead guilty to the § 924(c) offense.

**A.  Ineffective Assistance of Counsel - Insufficient Evidence for 924(c) Conviction**

Petitioner seeks to set aside his § 924(c) conviction and go to trial on the charge in Count Three, asserting the evidence as a matter of law was insufficient to prove he possessed the shotgun in connection with the drug offense. Petitioner contends he "did not know there had to be a connection between the drugs and the gun" (Court File No. 2). Petitioner procedurally defaulted this claim by failing to raise it before the Court prior to the entry of judgment or on direct appeal. A petitioner who has procedurally defaulted a claim and raises it for the first time on collateral review must demonstrate "cause" for the default and, if cause is shown, must then prove "actual prejudice" resulting from the error or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Frady*, 456 U.S. at 167-68; *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). Although Petitioner does not specifically address his default, he does assert his counsel was constitutionally ineffective in failing to make this argument. A Petitioner does not procedurally default a claim of ineffective assistance of counsel. *See Bousley*, 523 U.S. at 621. Therefore, the Court will assume Petitioner is arguing his default should be excused because of his counsel's allegedly deficient performance. Petitioner asserts as a result of counsel's alleged misunderstanding of the law, he pleaded guilty to an offense unsupported by the facts of the case.

The phrase "in furtherance of" the commission of an offense in § 924(c) requires a connection between the defendant, the firearm and the drug trafficking crime so that the firearm facilitated the crime by serving some important function or purpose of the criminal activity. *United States v. Mackey*, 265 F. 3d 457, 460-61 (6th Cir. 2001). In other words, the weapon must promote

7

or facilitate the crime. *Id.* at 461. A firearm is possessed "in furtherance of" a drug trafficking crime if the firearm played an integral role in the drug trafficking crime, such as being intended for use if a contingency arose. *United States v. Henry*, 878 F.2d 937, 943, n.5 (6th Cir. 1989). Some factors used in the determination of whether the firearm is possessed in furtherance of drug trafficking are: whether the firearm was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found. *Mackey*, 265 F.3d at 462. If a firearm is available to the defendant for the purpose of protecting him during drug- related activities, or to protect the drugs or to protect money from the sale of drugs, then the firearm is possessed in furtherance of drug trafficking. *Henry*, 878 F.2d at 943-44.

In this case, Petitioner unlawfully altered the shotgun for an illegal purpose. The sawed-off, short-barreled shotgun was kept loaded and was placed just inside the entranceway of the underground area beneath the house. Petitioner demonstrated the accessibility of the gun by his conduct on the date of his arrest – he ran through the house, exited the window, and hid underneath the house where he had access to the loaded shotgun when the officers arrived. Further, Petitioner expressly admitted possession of the firearm in furtherance of his drug trafficking actions in the factual basis contained within his plea agreement. The last sentence of the recitation of facts contained within the plea agreement states "defendant admitted to selling crack cocaine and stated that he had the shotgun for protection" (Crim. Court File No. 41, ¶ 8).

Petitioner complains his counsel was ineffective because counsel advised Petitioner to plead guilty to the § 924(c) charge. Assuming Petitioner's counsel did in fact advise him to plead guilty to Count Three, his counsel was not ineffective for advising his client to plead guilty to a crime

8

where the facts to which Petitioner admitted were adequately supported by the evidence and supported a finding of guilt. At a minimum, Petitioner possessed a loaded, illegally sawed-off shotgun which was strategically located so it was quickly and easily available for Petitioner to use if he needed it for protection.

Therefore, the Court finds this claim of ineffective assistance of counsel is completely without merit. Counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### B. Ineffective Assistance of Counsel - General

Ground Two of the Petition sets forth myriad reasons supporting Petitioner's contention he was denied effective assistance of counsel. Specifically, Petitioner claims his counsel failed to listen to Petitioner's version of the facts of the case, had no interest in interviewing Petitioner's witnesses prior to the suppression hearing, "made no attempt to obtain a fair plea," failed to research the legality of the § 924(c) offense, failed to challenge facts relating to Petitioner's arrest record for driving on a revoked license, failed to file a motion to continue or a motion to reopen the suppression hearing, deceived Petitioner as to his right to appeal, failed to appeal the denial of the suppression motion, failed to adequately cross-examine the government's witnesses, had limited contact with Petitioner and his witnesses and rushed Petitioner into a plea agreement without adequate investigation, placed improper pressure on Petitioner to plead guilty, and provided erroneous information to Petitioner in order to induce a guilty plea.

Petitioner's allegations concerning counsel's performance during the suppression motion are baseless. Although Petitioner alleges counsel was deficient, Petitioner has failed to identify any evidence his counsel could have presented that would have changed the outcome of the Court's

9

denial of the motion. The Court found the officer in this case had reasonable suspicion to stop Petitioner based upon the officer's knowledge one or two months earlier Petitioner did not have a valid driver's license (Crim. Court File No. 37). Petitioner alleges the information of his driving without a license was stale and did not support the traffic stop.[3] The United States Court of Appeals for the Sixth Circuit ("the Sixth Circuit") rejected a similar argument in a case that originated in this Court. In *United States v. Sandridge*, 385 F.3d 1032 (6th Cir. 2004), the Sixth Circuit held information the defendant was driving on a revoked license was a "continuing offense" and an officer "is permitted to stop [a defendant] briefly to determine whether the crime was still being committed." *Id.* at 1036. The Court considered and rejected the argument the officer's information was "stale" at the time the Court adopted Magistrate Judge Carter's R&R (Crim. Court File No. 37). Petitioner has failed to demonstrate his counsel was not performing "within the range of competence demanded of attorneys in criminal cases" in connection with his representation as to the motion to suppress, and has failed to demonstrate but for counsel's errors the Court would have granted the motion to suppress.

Next, the Court will consider Petitioner's allegations relating to ineffective assistance of counsel during the plea negotiations. Petitioner seems to argue the United States would have offered a plea other than the one which was offered, or counsel somehow could have secured a more favorable plea agreement. The Government's response states the "evidence against [P]etitioner was overwhelming, there is nothing in the record that would have caused the United States to offer any

---

[3]Petitioner's counsel raised the same argument in his objections Magistrate Judge Carter's report and recommendation (Crim. Court File No. 35). Therefore, this part of Petitioner's argument should not be considered as something counsel failed to argue during the Court's consideration of the motion to suppress and is subject to a procedural default. However, the Court will address the claim on its merits as it fails regardless of this procedural default.

10

other plea, nor would any other plea be within the policies of the United States in similar cases" (Court File No. 5, p. 9) As explained above, the factual basis supported Petitioner's plea of guilty to Count One and Count Three. Petitioner did not identify any defense to either count that may have resulted in a different plea offer or may have been a basis for proceeding to trial. Therefore, Petitioner has failed to demonstrate his counsel was deficient in recommending a plea of guilty. Petitioner also failed to show the outcome of this case would have been any different but for his counsel's performance in connection with the plea negotiations.

Petitioner's argument counsel rushed Petitioner into a plea agreement and pressured him into pleading guilty is unsupported by the record. The original plea agreement deadline was extended from February 18, 2003 until May 19, 2003 upon Petitioner's motion (Crim. Court File Nos. 28, 39). Further, at the rearraignment hearing, Petitioner responded in the affirmative to the Court's questions regarding whether Petitioner had been given "enough opportunity to discuss [his] case with [defendant's counsel] Mr. Caputo" and also whether he was satisfied with counsel's representation (Crim. Court File No. 49 at 3). Petitioner acknowledged he understood he was giving up certain constitutional rights, including the right to a jury trial (*Id.* at 3-4). Petitioner was asked by the Court, "Has anyone threatened you" or "forced you in any way to plead guilty," and he responded, "No, sir" (*Id*. at 4). Petitioner was advised the statutory mandatory minimum sentence in his case was five years on the drug offense and ten years on the firearm offense, and these sentences would run consecutively (*Id.* at 8). He was asked, "[k]nowing these penalties, do you still wish to plead guilty?" and he responded, "Yes, sir" (*Id.*). Petitioner admitted the offense conduct as summarized in the plea agreement and stated affirmatively he was pleading guilty because he was in fact guilty (*Id*. at 11). Where, as here, the transcript leaves no doubt Petitioner stated under oath

11

his plea was knowingly and voluntarily made, his collateral attack on his plea is without merit. *See McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.) (citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) (petitioner's responses set forth in plea transcript satisfies government's burden in response to collateral attack plea was not intelligent or voluntary due to counsel's errors), *cert. denied*, 543 U.S. 892 (2004).

Finally, Petitioner alleges his counsel "deceived" him by allegedly advising him he could not appeal because he pleaded guilty and counsel "refused to appeal [the denial of the] motion to suppress" (Court File No. 2 at 12). Petitioner does not allege he instructed his counsel to appeal his sentence or conviction. Petitioner also asserts his counsel "lied" because he said Petitioner could not preserve his rights to appeal the motion to suppress if he pleaded guilty (*Id.* at 13). However, this information is accurate and counsel was not deficient in so advising.

An unconditional guilty plea waives the right to appeal the denial of a motion to suppress. *See United States v. Herrera*, 265 F.3d 349, 352-53 (6th Cir. 2001) (defendant waived right to raise pre-plea suppression issue by entering into unconditional plea agreement). Rule 11(a)(2) provides "[w]ith the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." Fed. R. Crim. P. 11(a)(2). The Government did not consent to litigate the suppression issue on direct appeal, and Petitioner did not enter a conditional guilty plea. Therefore, Petitioner's counsel was not deficient in advising him he could not appeal the suppression ruling.[4] Indeed, Petitioner has failed to identify

---

[4] Moreover, as discussed above, the *Sandridge* case demonstrates no prejudice occurred since the Court's suppression ruling is supported by controlling Sixth Circuit authority.

12

any meritorious issue that either warranted a conditional plea or might have been preserved by his counsel for appellate review.

Further, at sentencing, the Court advised Petitioner of his right to appeal the sentence, any notice of appeal had to be filed within ten days, and if Petitioner could not afford counsel to represent him on appeal, the Court would appoint counsel for that purpose (Crim. Court File No. 50 at 15). After being advised of his right to appeal, Petitioner does not claim he ordered counsel to appeal his conviction or sentence. For the reasons stated above, Petitioner's claims of ineffective assistance of counsel are completely without merit. Counsel was not deficient in failing to raise any of the arguments listed above, nor has Petitioner proved any prejudice as a result of counsel's performance. Therefore, the Court will **DENY** Petitioner's claim for relief on these grounds.

**IV.    CONCLUSION**

For the above stated reasons, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[5] Section 2255 now incorporates the old habeas procedure of issuing or denying a

---

[5] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the

certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken

---

prisoner may renew the motion in the appellate court.

in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**